**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GERALD DEMARSH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-142 |
| | § | Judge Clark/Judge Mazzant |
| CITY OF DENTON, TEXAS, et al., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, *pro se*, filed this case against the City of Denton, Texas, and the Denton Police Department. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. Plaintiff has filed objections [Doc. #19] to the Magistrate Judge's proposed findings of fact and recommendations that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction [Doc. #13].

**Ruling on Objections**

Plaintiff's one-page complaint asserts that on September 10, 2013, Plaintiff was involved in an automobile accident in the City of Denton, in which he was hit by a vehicle driven by Jonathan Burnett ("Burnett") [Doc. #1] Plaintiff sues for $250,00, although he asserts that he had "about "$1,500 damage" to his vehicle. Plaintiff states he asked the chief of police to file a complaint with the Denton County District Attorney against Burnett to recover damages for the damage to his vehicle. Attached to the complaint is a copy of the accident report that indicates

that Burnett was driving with a suspended license and was in a vehicle that carried no insurance. The report indicates that Officer Ryan issued a citation to Burnett for "driving while license invalid" and a court summons for "fail to maintain financial responsibility." Also attached to the complaint are copies of letters from Plaintiff to the City, business cards of officers on the scene, a damage estimate, a denial of coverage from an insurance company, and a letter from the City denying responsibility [Doc. #1].

At a hearing before the Magistrate Judge Plaintiff stated that no further action was taken against Burnett by the District Attorney or by the City of Denton. After many questions from the Magistrate Judge, Plaintiff said he filed suit "because they [evidently the officers and the City] wouldn't enforce the law." [Doc. #20, p 13, ll. 15-16] Recognizing that Plaintiff was *pro se*, the Magistrate Judge repeatedly asked Plaintiff to state some basis for subject matter jurisdiction over this case [Doc. #20, pp. 4-14]. Plaintiff indicated he did not feel he could get a fair hearing in Denton from State authorities. There was no indication that a federal question arose out of, or was remotely connected to, these events, or that the parties were diverse. Plaintiff said he did not sue Burnett, the other driver, because he had no money and no insurance. [Doc. #20, p. 21, l. 21- p. 22, l. 2]. The Magistrate Judge recommended that the case be dismissed for lack of jurisdiction.

The Magistrate Judge was correct; Plaintiff has alleged no facts that would allow this court to hear this case. Federal courts are courts of limited jurisdiction, possessing only power authorized by Constitution and statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Absent jurisdiction conferred by statute or the Constitution, the courts lack the power to adjudicate

claims and must dismiss an action if subject matter jurisdiction is lacking. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The plaintiff, Mr. DeMarsh, bears the burden of establishing subject matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Plaintiff's dispute concerns $1,500 worth of damage to his vehicle. His lawsuit is against the City of Denton and its police department, requesting that the court force them to enforce "the law." It is unclear to the court what law Plaintiff is asking the court to enforce. The officer did issue a ticket and a summons to the other driver. Plaintiff cites no law, and the court is aware of none, that would require a city to be ordered to pay for damage to a vehicle as a result of an accident between two private citizens. There is no law that requires a city to sue a driver or car owner on behalf of another driver. Plaintiff does not have a federal right to have criminal charges filed against someone in state court. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

Mr. DeMarsh has no claim that can be asserted in a federal court. Mr. DeMarsh requests a "jury trial" and complains about past failures to receive a jury trial in other cases. What he does not understand is that jurors are not asked to volunteer their precious time to listen to general complaints about the system, or about bad drivers, or about past problems a plaintiff had in other courts. A jury trial in federal court must concern a matter of federal law, a dispute between citizens of different states, or otherwise meet jurisdictional requirements. At best,

Plaintiff may have a claim under Texas law against the other driver, or perhaps the owner of the other vehicle.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct as to such objections, and adopts the Magistrate Judge's report on such objections as the findings and conclusions of the Court.  However, having reviewed the pleadings and papers on file, including the objections *de novo,* the court concludes, for the following reasons, that merely warning Plaintiff about his actions is an insufficient sanction.

**Sanctions for Abuse of the Judicial System**

A review of the pleadings and the transcript of the hearing in the present case demonstrates that the Magistrate Judge treated Plaintiff with respect and demonstrated great patience.  He gave Plaintiff an additional opportunity to file an amended complaint that would assert facts that would allow the court to maintain jurisdiction over the case.   Plaintiff responded with a diatribe of immaterial, scandalous, and impertinent accusations against the Magistrate Judge and former judges, retired and deceased, larded with appellations such as "bribery," "Nazi," "Communist style dictatorship," "self righteous hypocrite," "must be stupid," "stooge,"  and "shriveling blood sucking politician."

This case is not an unfortunate aberration on the part of Mr. DeMarsh.  He has filed numerous other lawsuits without a jurisdictional basis in the Eastern District of Texas, and used many of them to unfairly and improperly make personal and unwarranted attacks on judges.  These include:

*DeMarsh v. City of Denton, et al.*, No. 4:02-cv-330 (case dismissed for lack of subject matter jurisdiction over the issuance of a ticket for failure to wear a seatbelt).[1]

*DeMarsh v. O'Reilly Auto Parts, et al*, No. 4:02-cv-354 (case dismissed for lack of subject matter jurisdiction regarding automobile parts that O'Reilly Auto Parts refused to take back or refused to give proper credit. Plaintiff asserted that his rights as an American citizen were violated.).

*DeMarsh v. City of Denton, et al.*, No. 4:03-cv-155 (case dismissed for lack of subject matter jurisdiction concerning Plaintiff's claim for wrongful prosecution of several traffic tickets issued for failure to wear a seatbelt. His complaint alleged harassment, intimidation, and violation of civil rights. Plaintiff was ordered not to file another paper or pleading in the court regarding his alleged dispute with the Defendants without prior written authorization of the court.).

*DeMarsh v. Healthnet Federal Services, Inc., et al.*, No. 4:07-cv-173 (claims arising out of the failure to fire the nurse who purportedly was rude to Plaintiff were dismissed for lack of subject matter jurisdiction. The remainder of the claims were dismissed for failure to state claim under Fed. R. Civ. P. 12(b)(6)).

*DeMarsh v. Barlow, et al.*, No. 4:07-cv-174 (case dismissed for lack of subject matter jurisdiction concerning Plaintiff's request for the court to "uphold the Constitution, Civil and Bill of Rights and set this case for a jury trial." Plaintiff asserted that "Judge Holland dismissed this case without letting a jury decide the issues" and that "Judge Barnes dismissed it without even letting it go before a jury." Plaintiff was cautioned about abusing the judicial system.).

*DeMarsh v. Gabriel*, No. 4:07-cv194 (case dismissed with prejudice due to lack of standing because Plaintiff's complaints against Judge Gabriel were based on the alleged mistreatment and false accusations made against his son and not him, and it was Plaintiff's son who must bring these claims).

*DeMarsh v. Gabriel, et al.*, No. 6:08-cv-40 (case dismissed with prejudice due to lack of standing because Plaintiff's complaints were based on alleged wrongs committed against his son, and to release his son from prison. Plaintiff appeared to allege that several state prosecutors and judges conspired to obtain criminal judgments against Plaintiff and his

---

[1] After his appeal was dismissed, Plaintiff later filed a request to have his case reopened. The order denying this request indicates that Plaintiff "continues to have problems with the City of Denton and law enforcement personnel in Denton County. He wrote President Bush a letter requesting his intervention on his behalf, and getting no response he has now requested this Court to reopen a case that was dismissed for lack of subject matter jurisdiction..." This request was denied because no facts were alleged that would confer subject matter jurisdiction on the court [Doc. #24].

son. The case also was dismissed for lack of jurisdiction.).[2]

*DeMarsh v. Lillard, et al.*, No. 6:08-cv-223 (case dismissed for lack of subject matter jurisdiction. Plaintiff alleged that he was unjustly banned from a flea market parking lot after being involved in several altercations on the property. Plaintiff's only allegation against John Lillard was that he had been unable to convince the police to have a "trespassing order taken off of [Plaintiff]," and that he refused to settle the case.).

*DeMarsh v. Denton Housing Authority*, 4:11-cv-543 (consolidated with *DeMarsh v. Woods*, No. 4:11-cv-544) (consolidated cases dismissed for want of prosecution. Plaintiff filed a motion seeking to have the Magistrate Judge removed from this case. Plaintiff indicated that he was going to petition the United States Senate regarding impeachment proceedings.).

*DeMarsh v. Delamora, et al.*, No. 4:14-cv-74 (report and recommendation pending that the claims against some of the defendants be dismissed for lack of subject matter jurisdiction. Plaintiff's invocation of "Gilligan's Law" as a basis for jurisdiction was rejected. It was also recommended that the other defendants, state judges, be dismissed.).[3]

*DeMarsh v. Denton County, et al.*, No. 4:14-cv-141 (report and recommendation pending that Plaintiff's case be dismissed for lack of subject matter jurisdiction and for failure to state a claim.).[4]

Mr. DeMarsh was allowed to file this suit *in forma pauperis*, that is, without paying a fee. He has grossly abused that privilege. Pursuant to Rule 12(f) it is **ORDERED** that the clerk redact from the pleadings that are openly available on PACER, paragraphs 3, 4, 6, 7, and the Conclusion of Plaintiff's Objections [Doc. #19]. An unredacted version of Doc. #19 shall remain sealed, for further review by this or other courts.

---

[2] After the Magistrate Judge issued his report and recommendation, Plaintiff filed a brief attacking the Magistrate Judge in a similar manner to which he has attacked the Magistrate Judge's handling of this case.

[3] Plaintiff voluntarily provided in his documents six threatening letters to another Denton County Judge, who is not a party to the present case, in which he calls the judge "jackass," "a mouse," relates dealing with him to dealing with the devil, accuses said judge of wishing America was "under a Nazi-style jurisdiction."

[4] Plaintiff referred to the Magistrate Judge and the District Judge as "self-righteous hypocrites and they are as bad as any Nazi communist or Chinese dictator...Schell and Bush had better read the United States Supreme Courts rule on Gilligan's law and how it is being violated and comply with it."

It is further **ORDERED** that until Mr. DeMarsh has paid the full filing fee for this case, the clerk of the court shall seal any further Complaint, Petition, Motion, or other paper filed by Mr. DeMarsh as a new suit, and forward the same to the judicial officer to whom the case is assigned to determine whether the pleading should be struck, or alternatively determined to appear to state facts supporting a claim within the jurisdiction of this court for which relief might, under the law, be granted.

It is further **ORDERED** that Plaintiff's case is DISMISSED for lack of subject matter jurisdiction.

All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action, and the Clerk shall send this order to the manager of the Three Strikes List/Sanctions List.

So **ORDERED** and **SIGNED** this 4 day of **August, 2014.**

_____
Ron Clark, United States District Judge